IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1232-D

| | |
|---|---|
| SGS INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WELLS FARGO BANK, N.A. and | ) |
| LLG TRUSTEE, LLC, | ) |
| | ) |
| Defendants. | ) |

On August 17, 2023, SGS Investments, LLC ("SGS," or "plaintiff") filed a complaint in New Hanover County Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo") and LLG Trustee, LLC ("LLG") (collectively "defendants") alleging violations of North Carolina law for failure to provide payoff and unfair and deceptive trade practices. See Compl. [D.E. 1-1] ¶¶ 1–53. SGS requested compensatory damages, punitive damages, a temporary restraining order, and permanent injunctive relief to enjoin a foreclosure sale on real property. See id. at 10–11. On August 25, 2023, Wells Fargo removed the case to this federal court based on diversity jurisdiction and asserted that LLG's consent to removal was not necessary because it is a nominal party. See [D.E. 1] ¶¶ 1–11. On October 9, 2023, SGS moved to remand the case [D.E. 20] and filed a memorandum [D.E. 21] in support arguing that LLG is not a nominal party and that this court lacks diversity jurisdiction. See [D.E. 21] 4–8. On October 30, 2023, Wells Fargo responded in opposition [D.E. 24] and filed an amended notice of removal [D.E. 25]. Wells Fargo alleged that LLG consented to removal and was a citizen of Florida. See [D.E. 25] ¶ 12. On November 10, 2023, SGS replied and asked the court to disregard Wells Fargo's amended notice of removal. See [D.E. 26] 1. As explained below, the court denies SGS' motion to remand.

I.

SGS purchased 117 Rice Road, Wilmington, North Carolina at a foreclosure sale and is the record owner. See Compl. ¶¶ 1, 8, 10, Ex. A. The sale satisfied a 2012 property lien. See id. at ¶ 12. Unknown to SGS, a 2006 deed of trust for the property, for the benefit of Wells Fargo, remained. See id. at ¶¶ 12–13. The previous owners received the net proceeds of the sale but did not satisfy the 2006 deed of trust obligation. See id. at ¶ 13.

SGS directly communicated with Wells Fargo and LLG, the trustee of the property, about the payoff amount for the 2006 obligation and the possibility of purchasing the note to resolve the 2006 deed of trust issue. See id. at ¶¶ 14–29. LLG told SGS to contact Wells Fargo concerning the payoff amount. See id. at ¶ 19. Wells Fargo initiated a second foreclosure sale under the 2006 deed of trust. See id. at ¶¶ 29–31. On August 17, 2023, SGS filed suit in New Hanover County Superior Court. See id. On August 25, 2023, Wells Fargo removed the case to this court. See [D.E. 1]. On October 9, 2023, SGS moved to remand for lack of subject-matter jurisdiction and improper removal. See [D.E. 20] ¶¶ 5–6, 10–11. In support, SGS argues that Wells Fargo filed a defective notice of removal because LLG is not a nominal party and Wells Fargo inadequately pleaded complete diversity. See id.

II.

In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal has the "burden of establishing federal jurisdiction." Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994). "If diversity jurisdiction is challenged, the burden of proof remains on the party invoking federal court jurisdiction, and the citizenship of each real party in interest must be established by a preponderance of the evidence."

2

Roche v. Lincoln Prop. Co., 373 F.3d 610, 616 (4th Cir. 2004) rev'd on other grounds, 546 U.S. 81 (2005). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Mulcahey, 29 F.3d at 151; see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151; see Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008). In a case removed based on diversity jurisdiction, the civil action must be between "citizens of different States" and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1).

A nominal party is one "having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260 (4th Cir. 2013); see Hancox v. State Farm Mut. Auto Ins. Co., 642 F. Supp. 3d 514, 519 (E.D.N.C. 2022). "[T]he key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Hartford, 736 F.3d at 260; see Mansfield v. Vanderbilt Mortg. & Fin., Inc., 29 F. Supp. 3d 645, 651 (E.D.N.C. 2014). All defendants must consent to removal but "a nominal party need not consent to removal" because such a party lacks a "palpable interest in the outcome of the case." Hartford, 736 F.3d at 259–60.

SGS argues that LLG is not a nominal party because SGS (1) made factual allegations against LLG beyond simply naming it as a substitute trustee, and (2) seeks preliminary and permanent injunctive relief against both Wells Fargo and LLG to prevent a foreclosure sale. See [D.E. 26] 5–7. Thus, SGS argues that resolving this case would affect LLG. See id.

Seeking injunctive relief and making allegations concerning communications with LLG does not mean that LLG is "affected" within the meaning of Hartford. See Mansfield, 29 F. Supp. 3d at 650–52 & n.1; Conrad v. Ocwen Loan Servicing, LLC, No. 1:17cv53, 2017 WL 3185142, at *6

3

(N.D.W. Va. July 26, 2017) (unpublished). Unsatisfactory communication with LLG alone does not distinguish this case from Mansfield, and SGS does not allege a breach of a duty independently owed by LLG. See Mansfield, 29 F. Supp. 3d at 650–52 & n.1; cf. Payne v. Bank of America, N.A., No. 3:09-cv-80, 2010 WL 546 770, at *6–7 (W.D. Va. Feb. 11, 2010) (unpublished). LLG is a nominal party. Accordingly, the court denies SGS' motion to remand.

Alternatively, even if LLG is not a nominal party, Wells Fargo permissibly amended its notice of removal and properly pleaded diversity jurisdiction. A defendant may freely amend its notice of removal within 30 days. See 28 U.S.C. § 1446(b). If a defendant seeks to amend the notice of removal thereafter, "courts have discretion to permit amendments that correct allegations already present in the notice of removal." Wood v. Crane, 764 F.3d 316, 323 (4th Cir. 2014); see Arlington Cmty. Fed. Credit Union v. Berkely Reg'l Ins. Co., 57 F. Supp. 3d 589, 596–98 (E.D. Va. 2014). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Section 1653 references amending "allegations of jurisdiction," which suggests that it addresses only "incorrect statements about jurisdiction that actually exist, and not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 831 (1989). In Newman-Green, the Court observed that section 1653 would permit an amendment if the individual defendant in question, "were, in fact, domiciled in a [s]tate other than Illinois or was, in fact, not a United States citizen, but the complaint did not so allege." Id. Relying on Newman-Green, the Fourth Circuit has held that an amendment under section 1653 "is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction." Wood, 764 F.3d at 323.

4

This court construes Wells Fargo's amended notice of removal as a motion to file an untimely amendment to its notice of removal. See, e.g., Rader v. United States, No. 5:20-CV-636, 2021 WL 2459795, at *1 n.1 (E.D.N.C. June 16, 2021) (unpublished). Wells Fargo permissibly clarified in its amended notice of removal that LLG is a citizen of Florida. See [D.E. 25] ¶ 12. Accordingly, even if LLG is not a nominal party, diversity jurisdiction exists. See Wood, 764 F.3d at 323. Thus, the court accepts Wells Fargo's amended notice of removal and finds that diversity jurisdiction exists. Accordingly, the court denies SGS' motion to remand.

III.

In sum, the court DENIES plaintiff's motion to remand [D.E. 20].

SO ORDERED. This 5 day of January, 2024.

JAMES C. DEVER III
United States District Judge

5

Case 7:23-cv-01232-D-RJ   Document 28   Filed 01/05/24   Page 5 of 5